# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WILLIAM A. LAFFOON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 09-022-RAW-KEW** |
| | ) | |
| **EMMA WATTS, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner is attacking his conviction in Wagoner County District Court Case Number CF-2005-351 for Assault and Battery in the Presence of a Child. The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). Petitioner has not filed a response to the motion to dismiss. The following dates are pertinent to the motion:

07/17/2007  Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals in *Laffoon v. State*, No. F-2006-840 (Okla. Crim. App. July 17, 2007).

10/15/2007  Petitioner's conviction became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.

08/28/2008  Petitioner filed an application for post-conviction relief in the Wagoner County District Court.

09/26/2008  The state district court denied petitioner's application for post-conviction relief.

| | |
|---|---|
| 10/30/2008 | Petitioner filed his petition in error, appealing the denial of his post-conviction application. |
| 11/12/2008 | Petitioner's post-conviction appeal was denied as untimely in *Laffoon v. State*, No. PC 2008-1034 (Okla. Crim. App. Nov. 12, 2008). |
| 01/14/2009 | Petitioner placed this habeas petition in the prison mail system, according to the prison mail log at his facility. |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The respondent asserts that petitioner's deadline for filing this petition was October 15, 2008, one year from expiration of the time to file a certiorari appeal to the Supreme

Court. The statutory tolling provision of 28 U.S.C. § 2244(d)(2) tolled the limitations period for the 30 days that his post-conviction application was pending in the state district court. Because his post-conviction appeal was not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2), and in accordance with the state's procedural requirements governing the time and place of filing, there is no further extension of the tolling period for the unsuccessful appellate proceedings. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Additional tolling, however, is allowed in Oklahoma for the 30 days after denial of post-conviction relief when no appeal is taken, or the appeal fails on procedural grounds. *See Gibson v. Klinger*, 232 F.3d 799, 804-06 (10th Cir. 2000); *see also* Rule 5.2(C)(2), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch.18, App. Petitioner's deadline, therefore, was extended to December 14, 2008. His petition is deemed to have been filed on January 14, 2009, the date he placed it in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); Docket #19-8 at 11. Therefore, this action is barred by the statute of limitations.

ACCORDINGLY, respondent's motion to dismiss time barred petition [Docket #18] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 21st day of January 2010.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

3